# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| M & I MARSHALL & ILSLEY BANK, )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>NAVAGANT TRADING COMPANY, LLC, )<br>KEVIN KENDRICK, SHANNA KENDRICK, )<br>DORINDA HILL and MELODY MOREHOUSE, )<br>)<br>**Defendants.** )<br>_____ ) | **CIVIL ACTION**<br>**No: 09-2469-KHV** |

## MEMORANDUM AND ORDER

On September 8, 2009, M & I Marshall & Ilsley Bank filed suit against Navagant Trading Company, LLC, Kevin Kendrick, Shanna Kendrick, Dorinda Hill and Melody Morehouse for breach of a promissory note and personal guaranties. On October 20, 2009, Morehouse filed a counterclaim, alleging that M & I violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., and Regulation B, 12 C.F.R. § 202.7(d)(1). This matter is before the Court on M & I Marshall & Ilsley Bank's Motion To Dismiss Counterclaim Of Defendant Melody Morehouse (Doc. #12) filed October 23, 2009. M & I asserts that the statute of limitations bars Morehouse's counterclaim. Morehouse has not responded to plaintiff's motion. Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a timely response, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For that reason and for the reasons set forth below, the Court finds that M & I's motion should be sustained.

## Factual Background

Morehouse's counterclaim alleges that on March 28, 2005, Navagant executed a promissory note in favor of M & I, evidencing a $50,000.00 loan from M & I to Navagant. To secure

-1-

repayment of amounts owing under the note, on or about March 28, 2005, Morehouse executed a guaranty in favor of M & I. On July 8, 2009, counsel for M & I notified Navagant and Morehouse that Navagant had failed to make payments due under the note and that all amounts thereunder were immediately due and owing, and demanding payment by July 20, 2009. Navagant and Morehouse did not pay the amounts demanded.

On September 8, 2009, M & I filed this action seeking, inter alia, a money judgment against Morehouse for amounts owed under her guaranty. On October 20, 2009, Morehouse filed her counterclaim, alleging that M & I violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a)(1), and Regulation B, 12 C.F.R. § 202.7(d)(1), by discriminating against her on the basis of marital status. See Answer Of Melody Morehouse (Doc. #11). Specifically, she assert that M & I wrongfully required her to sign the guaranty in March of 2005. M & I asserts that the Court should dismiss Morehouse's counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) because she did not timely assert the claim within the applicable statute of limitations.

## Legal Standards

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible and not merely conceivable on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950.

The statute of limitations is an affirmative defense, but if the dates given in the complaint make clear that the right sued upon has been extinguished, the party who asserts the claim has the burden of establishing a factual basis for tolling. Aldrich v. McCulloch Prop., Inc., 627 F.2d 1036,

1041 n.4 (10th Cir. 1980). The Court therefore may resolve statute of limitations questions on a Rule 12(b) motion. Id. (citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 606-08 (1969)).

## Analysis

M & I asks the Court to dismiss Morehouse's counterclaim under the ECOA, arguing that it is barred because she filed it more than two years after she signed the loan guaranty. The statute of limitations, 15 U.S.C. § 1691e(f), provides that no action may be brought "later than two years from the date of the occurrence of the violation." Morehouse's counterclaim alleges that M & I obtained her guaranty on March 28, 2005. Morehouse did not file her counterclaim until October 20, 2009 – more than four years later. Thus, absent equitable tolling, the two year statute of limitations bars her counterclaim. See generally Kirdendall v. Dep't of Army, 479 F.3d 830, 841-42 (Fed. Cir. 2007). As noted, Morehouse has not responded to M & I's motion, and has not asserted a basis for equitable tolling of the limitations period. The Court therefore sustains M& I's motion to dismiss Morehouse's counterclaim.

**IT IS THEREFORE ORDERED** that M & I Marshall & Ilsley Bank's Motion To Dismiss Counterclaim Of Defendant Melody Morehouse (Doc. #12) filed October 23, 2009 be and hereby is **SUSTAINED**.

Dated this 23rd day of December, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge